## J. H. PACKWOOD and A. S. BISHOP, Exrs., *v.* JOHN B. ELLIOTT, next friend, etc.

1. LEGACIES—WHEN PAYABLE.—To enable an executor or administrator to get in the assets of his decedent, to pay creditors, and fully inform himself of the condition of the estate, the law allows a period of twelve months from the date of his letters, at the expiration of which, legatees and distributees have, *prima facie*, a right to be put in possession of their interests, on executing refunding bonds. And it is the policy of the statute to pass the residue of the estate to legatees and distributees as soon as may *conveniently be done.*

2. SAME—To maintain his action against the executor for a pecuniary legacy, the legatee need not wait for a settlement of the executor's account. All he need show is that twelve months have elapsed since the grant of the letters, that the creditors have been paid and that the assets are ample to pay the legacy. If special reasons exist rendering payment unjust, improper, or prejudicial to others, such reasons must be shown by the executors.

3. SAME—FIERI FACIAS ON DECREE FOR.—A legatee is entitled to have the decree for payment of his legacy, with interest from twelve months after the grant of letters, enforced by *fieri facias de bonis testatoris,* but not against the lands.

Error to the probate court of Pike county. QUIN, J.

The plaintiff in error assigned the following errors:

1st. The court erred in not sustaining the demurrer to the whole of the petition, and in not dismissing the same.

2d. The court erred in allowing the petition for discovery to be taken as confessed without disposing of the demurrer to the petition.

3d. The court erred in rendering a decree against the defendants, in the court below, as executors, and directing the property of the deceased to be sold ; and further, that the court had no power to make any order for the payment of the legacy, until after an account had been exhibited to the court, showing the condition of the estate to those interested in the distribution thereof.

4th. And for other reasons.

*D. W. Hurst*, for the plaintiffs in error.

No counsel for defendant in error.

SIMRALL, J. :

Jno. R. Elliott on behalf of his minor son, W. R. Elliott, presented a petition in the probate court of Pike county, against Bishop and others, executors of N. B. Raiford, deceased, to obtain payment of a pecuniary legacy of $500, bequeathed to the minor, W. R. Elliott, by the testator. The testator died in 1864. His will was admitted to probate in April, 1864. The petition was filed on — day of ——, A. D. 1866. On the hearing, decree was made against the executors for amount of the legacy and interest from filing of the petition, to be enforced by execution against the goods, lands, and tenements of the testator, etc.

Art. 118, Rev. Code, p. 454, permits the legatee at any time, after twelve months from the grant of letters testamentary, to petition the probate court. Whereupon the court may make a rule on the executor to pay the legacy, " if, in the opinion of the court, it would be just and proper, and for the best interest of all concerned, to do so."

The allegation of the petition is, that the executors have ample assets to pay the legacy. There was also tendered and filed in court a refunding bond. There was a demurrer filed to the amended petition. The amendments went to supply omissions in the original petition, on the point of a suffi-

ciency of means wherewith to pay the legacy, and that the estate had been administered so far as that the payment might be made without prejudice.

There seems to have been no consideration or action had on the demurrer. This however, becomes unimportant, as the executors subsequently answered, and thereby abandoned their demurrer, or as the authorities characterize it, over-ruled it.

The executors do not place their defense upon the ground of the insolvency of the estate, or that its assets will be consumed in paying creditors. They say they have no money, but have suits pending to get in sundry credits due the estate. The personal property was worth at the beginning of the war, over fifty thousand dollars. But by reason of the losses occasioned thereby, the personal estate is not worth over five thousand dollars, the real and personal not exceeding fifteen thousand dollars.

The petitioner filed a bill of discovery against two of the executors, the object of which was to obtain full disclosures as to the condition of assets and the collection of credits, and the liquidation of some other legacies, There was no answer to this bill, nor was there *pro confesso.* It may therefore, be placed out of consideration, which would leave the case at the hearing, on petition and answer.

On the case thus made, the rules to be applied by the court to its consideration is, " would it be just and proper, and for the best interest of all concerned," to order the executors to pay the legacy.

The policy of the statutes is to pass the residue of the estate to legatees and distributees, as soon as may be conveniently done. Twelve months are allowed the legal representative to get in the assets and pay creditors and inform himself fully of the condition of the estate, and after that time has elapsed, then the legatee or distributee, have *prima facie* a right to be put in possession of their interests, on executing refunding bonds. This is manifest from the concluding clause of the article 118. " And when there are

no debts due from the deceased, or if the courts shall be satisfied that all debts have been paid, distribution may be ordered without administration. Wheeler v. Brown, 33 Miss. Rep., 127, was a suit in the probate court for a legacy. It was said, "that the record showed no debts against the estate." The rule was recognized to be, that where no time is fixed for the payment of a general legacy, it is due twelve months after the testator's death, and interest begins from that time.

The substantive defense made by the executors, is that the property of the testator has, by the calamities of the late war, been reduced three-fourths in value, and that there should be a proportional abatement of the legacy, that is to say $125; not that the assets in hand are not ample to respond to the claim of petitioner; not that they will be required to satisfy the demands of creditors; not that there is a necessity for an apportionment among the legatees; the defense has no foundation in law. Art. 120, Rev. Code, p. 455, gives an action at law, " to any person having a legacy bequeathed by last will and testament."

The chief objection to the decree made in this court by counsel for the executors is that there should have been an accounting first had by the executors in the probate court, and the case of Mundy v. Calvert, 40 Miss. Rep., 188, is referred to as controling authority on the point. In that case an account was held necessary in order to ascertain the distributive sum to which the petitioner was entitled, and all persons having interest as legatees or distributees, ought to have been before the court to be bound by the account rendered.

The case of Wheeler v. Brown, already cited, was the claim for a pecuniary legacy of fifteen thousand dollars. The executors alone were parties defendant. No account was settled, nor was any hinted at as necessary. The judgment rested on the fact that the estate had means to pay the legacy. Why confer on a court of law jurisdiction to entertain a suit for a pecuniary legacy if a right to demand its

payment is dependent on the settlement of the executor's accounts in the probate court? All that the legatee in this case need show was that the twelve months had expired since grant of letters; that the assets were ample to pay the legacy; that the claims of creditors had been paid, or there was ample for both. This made for him a *prima facie* case. If there were any special reasons why it would be unjust, or improper, or prejudicial to others, that he should be paid, the executors ought to have brought forward these reasons. The petitioner was entitled to interest beginning one year from the death of the testator. Under art. 31, probate court law, Code, p. 431, the petitioner was entitled to have the decree enforced by process of *fieri facias.* But it was excessive to have directed it to be satisfied out of the lands and tenements of the testator in addition to the goods and chattels, etc. If the lands have been devised the title in the devisee vested immediately on the death of the deceased; if not disposed of they descended to the heir; in neither event are they subject to sale under a judgment recovered against the executor, for the reason that the executor has no concern or interest in the lands except as title or power over them is conferred by the will. There is error, therefore, in so much of the decree as authorizes *fieri facias* against the lands and tenements.

The decree will be reversed and judgment rendered here for the legacy, with interest thereon, from twelve months after the grant of the letters testamentary, with leave to the petitioner to sue out process of *fieri facias de bonis testatoris.*